# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RICHARD S. THOMAS,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 19-0558** (BOR Appeal No. 2053770)
                    (Claim No. 2012020301)

**PARSLEY ENTERPRISES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard S. Thomas, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Parsley Enterprises, Inc., by Counsel T. Jonathan Cook, filed a timely response.

The issue on appeal is permanent total disability. The claims administrator denied a permanent total disability award on March 31, 2017. The Office of Judges affirmed the decision in its December 21, 2018, Order. The Order was affirmed by the Board of Review on May 17, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thomas, a former coal miner, completed an application for permanent total disability benefits on November 18, 2015. He listed his prior permanent partial disability awards as 0.5% for the left hand and fourth and fifth fingers; 3% for the lumbar spine; 15% for occupational pneumoconiosis; 30% for the back, neck, hip, and knee; and 10% for the left shoulder.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 12, 2016, in which he assessed the following impairments: 15% for occupational pneumoconiosis, 6% for the low back/lumbar spine, 5% for the neck/cervical spine, and 4% for the left shoulder for a

1

total combined impairment rating of 27%. Dr. Mukkamala opined that Mr. Thomas could perform light/medium physical demand work and that he was not a candidate for vocational rehabilitation.

On December 12, 2016, the Permanent Total Disability Review Board released its initial recommendation that Mr. Thomas's request for a permanent total disability award be denied. It found that he failed to show that he sustained at least 50% whole body impairment. The claims administrator denied Mr. Thomas's request for a permanent total disability award December 22, 2016. On March 13, 2017, the Permanent Total Disability Review Board issued its final recommendation that the request for a permanent total disability award be denied. The claims administrator denied Mr. Thomas's application for a permanent total disability award on March 21, 2017, because he failed to meet the 50% whole body impairment threshold.

Robert Walker, M.D., performed an independent medical evaluation on March 18, 2018, in which he determined that Mr. Thomas had 51% whole person impairment representing 26% for the spine, 15% for occupational pneumoconiosis, 12% for the left upper extremity, and 11% for the left lower extremity.

Dr. Mukkamala performed an independent medical evaluation on June 29, 2018, in which he assessed the following impairments: 15% for occupational pneumoconiosis, 4% for the low back/lumbar spine, 4% for the neck/cervical spine, 2% for the left hand, and 4% for the left shoulder for a total combined impairment rating of 26%. Dr. Mukkamala also submitted an impairment rating of 32% that did not apportion for Mr. Thomas's age-related changes. Dr. Mukkamala opined that Dr. Walker was incorrect to find impairment for the left hip/knee because the impairment is not related to a compensable injury. At the time of his first evaluation, performed four years after Mr. Thomas stopped working, Dr. Mukkamala found no impairment in the lower extremities. He therefore concluded that the impairment that Dr. Walker found in March of 2018 was not work-related.

David Soulsby, M.D, performed an independent medical evaluation on July 12, 2018, in which he found that Mr. Thomas had some lower extremity impairment, specifically in the knees, that was attributable to age-related changes rather than an injury. Dr. Soulsby assessed the following impairments: 5% for the cervical spine, 6% for the lumbar spine, 1% for the left hand, 9% for the left shoulder, and 15% due to occupational pneumoconiosis. His total impairment assessment was 32%.

The Office of Judges affirmed the claims administrator's denial of a permanent total disability award on December 21, 2018. It found that the most reliable report of record was that of Dr. Mukkamala and that Dr. Walker's report was not sufficiently reliable. Regarding Dr. Walker's report, the Office of Judges found that while he used West Virginia Code of State Rules § 85-20, he did not use the code correctly. For the cervical spine, Dr. Walker placed Mr. Thomas in Category II, which allows for 8-13% impairment. Dr. Walker then assessed a total of 15% impairment for the cervical spine, which would indicate Mr. Thomas was in Category III. The Office of Judges concluded that the evidence does not support such a finding because Category III requires significant radiculopathy or a vertebral compression fracture. Dr. Walker made the same errors in regard to his lumbar spine impairment assessment. He assessed 15% lumbar spine

impairment; however, the evidence indicates Mr. Thomas does not belong in Lumbar Categories III or IV. The Office of Judges concluded, based on the reports of Drs. Mukkamala and Soulsby, that Mr. Thomas has 8% lumbar impairment and 8% cervical impairment.

Regarding the left lower extremity, the Office of Judges found that Dr. Walker's impairment assessment was not supported by the evidence of record. Dr. Walker's assessment included impairment for the knee and hip. The Office of Judges found that the records show no significant impairment to either body part. Mr. Thomas sustained a work-related left thigh injury in 1997. In 1999, Clifford Carlson, M.D., found in an evaluation that left knee range of motion was normal. In his 2016 evaluation, seventeen years later, Dr. Mukkamala also found normal range of motion in the left knee. The Office of Judges found that between 1999 and 2016, Mr. Thomas had no left knee diagnoses or diagnostic testing. For the left hip, the Office of Judges found that in a 1999 evaluation, Anbu Nadar, M.D., concluded that the compensable 1997 injury resulted in back strain and a left thigh contusion. In a 1999 evaluation, Dr. Carlson found no left hip impairment. Following that evaluation, the left hip was not mentioned again until March of 2013, when Mr. Thomas was seen by Dr. Tao, who noted no significant hip findings. Range of motion and x-rays were also normal. The Office of Judges ultimately found that Dr. Mukkamala's 2018 evaluation was the most reliable assessment of left knee and right hip impairment. While Dr. Mukkamala found impairment, he opined that it was unrelated to a compensable injury.

The Office of Judges concluded that Mr. Thomas has a total of 32% whole body impairment, based on Dr. Mukkamala's 2018 report. Dr. Mukkamala's report was found to be more reliable than that of Dr. Soulsby because Dr. Mukkamala had the benefit of examining Mr. Thomas multiple times over a period of years. The Office of Judges adopted Dr. Mukkamala's unapportioned, alternative impairment rating because Dr. Mukkamala made no such apportionment in his other evaluation conducted two years prior. Because Mr. Thomas failed to meet the 50% whole body impairment threshold, his request for a permanent total disability award was denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 17, 2019.

After review, we agree with the conclusion of the Board of Review. Pursuant to West Virginia Code § 23-4-6(n)(1), in order to receive a permanent total disability award, a claimant must first show that he or she has received at least 50% in permanent partial disability awards. Next, the claimant must be evaluated by the reviewing Board and be found to have at least 50% whole body impairment. While it appears that Mr. Thomas has surpassed the first threshold, he has failed to show that he sustained at least 50% whole body impairment. The only physician of record to find that he sustained 50% or more whole body impairment was Dr. Walker, and, as the Office of Judges found, his report is incorrect and unreliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman